UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JERRY MEANS,

        Petitioner,

vs.                                      Case No. 3:06-cv-403-TJC-MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

**ORDER**

This cause is before the Court on Petitioner's Motion for Relief from Judgment or Order (Doc. 125), filed under "Rules 60(b)(4), 60(b)(6), 60(d)(3), and 9(b)" of the Federal Rules of Civil Procedure. "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1) [mistake or excusable neglect], (2) [newly discovered evidence], and (3) [fraud or misconduct by an opposing party] no more than a year after the entry of the judgment[.]" Fed. R. Civ. P. 60(b)(1)-(3), (c)(1). The Court denied Petitioner's Amended Petition and dismissed this case with prejudice on January 15, 2010. Doc. 104. Judgment was entered and this case was closed on January 19, 2010. Doc. 105. The Eleventh Circuit Court of Appeals affirmed the Court's Order on July 12, 2011. See Means v. Sec'y, Dep't of Corr., 433 F. App'x. 852 (11th Cir. 2011). Thus, the

Court finds that the Rule 60(b) motion was not filed within a reasonable time and/or within one year of the entry of judgment.

Alternatively, even if Petitioner's request were timely filed, after reviewing and considering the file as a whole, the Court finds that Petitioner is not entitled to the relief he seeks.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion for Relief from a Judgment or Order (Doc. 125) is **DENIED**. If Petitioner appeals the Court's denial of his Rule 60(b) Motion, the Court denies a certificate of appealability.[1] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk of Court** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

---

[1] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

2. Petitioner's Motion to Dismiss (Doc. 126) the Court's Order dismissing his Amended Petition and Petitioner's Motion to Supplement Motion to Dismiss (Doc. 127) are **DENIED**.

3. Petitioner's Motion for the Appointment of Counsel (Doc. 129) is **DENIED**. This case is closed and neither due process nor the interests of justice warrant the appointment of counsel.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of August, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7
c:
Jerry Means, #J08714
Counsel of Record